1  **S. BRETT SUTTON 143107**
   **JARED HAGUE 251517**
2  **JONATHAN W. BLACK 280421**
   **SUTTON HAGUE LAW CORPORATION, P.C.**
3  5200 N. Palm Avenue, Suite 203
   Fresno, California 93704
4  Telephone:  (559) 325-0500
   Facsimile:   (559) 981-1217
5
   Attorneys for Defendants
6  SAPUTO DAIRY FOODS USA, LLC

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

                          \* \* \*
10

| | |
|---|---|
| PSALMS MARTINEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAPUTO DAIRY FOODS USA, LLC, a Delaware limited liability corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(Tulare County Superior Court Case No. VCU293982)<br><br>Complaint Filed: October 31, 2022 |

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA  937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

2   DISTRICT OF CALIFORNIA AND PLAINTIFF PSALMS MARTINEZ AND HIS

3   ATTORNEYS OF RECORD:

4          PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

5   Defendant Saputo Dairy Foods USA, LLC ("Defendant") hereby removes this action from the

6   Superior Court of the State of California for the County of Tulare to the United States District

7   Court for the Eastern District of California. Defendant removes this action on the following

8   grounds:

9   **I.        REMOVAL JURISDICTION AND VENUE**

10         1.       Defendant removes this action to this Court because it is a civil action that

11  satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in

12  part at 28 U.S.C. § 1332(d).  *See also* 28 U.S.C. §§ 1441(a), 1446.  Under the CAFA, a civil

13  complaint may be properly removed where: (1) any member of a putative class of plaintiffs is a

14  citizen of a different state than the defendant; (2) the aggregate number of members of the

15  putative class is 100 or more; and (3) the amount in controversy is more than $5,000,000 total.

16  28 U.S.C. § 1332(d).

17         2.       This Court is the proper court for venue because the Eastern District of California

18  embraces the place where the state action case and is pending, i.e. Tulare County.  28 U.S.C. §

19  1441(a).  Venue is proper in Fresno pursuant to Eastern District of California Local Rule 120(d).

20         3.       To be clear, Defendant does not concede that Plaintiff can or will establish any

21  liability under any of his legal theories, that Plaintiff's putative class is susceptible of

22  certification, or that Plaintiff or the putative class have suffered any damages.  To the contrary,

23  Defendant contends that class and representative treatment are inappropriate and that Plaintiff

24  and the putative class are not entitled to recover any of the amount in controversy.  The analysis

25  that follows takes Plaintiff's allegations as true, and assumes claims will survive, merely and

26  exclusively for purposes of establishing jurisdiction in this Court under the CAFA.

27  / / /

28  / / /

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA  937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT

## II.    RELEVANT PROCEDURAL FACTS

4.      On October 31, 2022, Plaintiff filed his unverified complaint ("Complaint") entitled *Psalms Martinez, individually and on behalf of all others similarly situated, Plaintiff, vs. SAPUTO DAIRY FOODS USA, LLC, a Delaware limited liability corporation; and DOES 1 through 10, inclusive, Defendants*, in the Tulare County Superior Court of the State of California, Case No. VCU293982.

5.      The Complaint alleges causes of action for **(1)** Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); **(2)** Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); **(3)** Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); **(4)** Failure to Authorize and Permit Rest Periods (Cal. Lab. Code § 226.7); **(5)** Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); **(6)** Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); **(7)** Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); and **(8)** Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

6.      On November 17, 2022, Defendant was served with a copy of the Summons and Complaint via overnight service.  A true and correct copy of the Summons, Complaint, and accompanying documents served is attached hereto as Exhibit 1.

7.      On December 19, 2022, Defendant filed an answer to the complaint.  A true and correct copy of the Answer is attached here hereto as Exhibit 2.

8.      Consistent with 28 U.S.C. § 1446(a), true and correct copies of all pleadings in the state court action are attached to this Notice of Removal.

## III.    TIMELINESS OF REMOVAL

9.      A defendant must file a notice of removal 30 days after receiving the complaint, "through service or otherwise."  28 U.S.C. § 1446(b)(1).

10.     A defendant's statutory period to remove does not begin to run, and a defendant is not required to remove, until the defendant has been served.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

/ /

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA 937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

11.     Pursuant to 28 U.S.C. 1446(b)(1), this removal is timely because Defendant filed this Notice of Removal within 30 days of service of the Summons and Complaint in the state court Action.

## IV.     DEFENDANT REMOVES THIS ACTION PURSUANT TO THE CAFA

12.     Under the CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).  In addition, the number of members of all proposed plaintiff classes, in the aggregate, must be 100 or more. 28 U.S.C. § 1332(d)(5)(B).

13.     This Court has jurisdiction over this action pursuant to the CAFA because the proposed plaintiff class contains at least 100 members, there is diversity between at least one proposed class member and one defendant, and the total amount in controversy exceeds $5,000,000.

### A.  The Putative Class Contains Well-Over 100 Members

14.     The CAFA only applies to class actions where the proposed plaintiff members total 100 or more.  28 U.S.C. § 1332(d)(5)(B).

15.     Here, Plaintiff seeks to certify the "Plaintiff Class," a group of "All current and former non-exempt employees who worked for Defendants in the State of California from April 6, 2016 to the date of trial."  Exhibit 1, ¶24.

16.     Over the class period, there are at least 210 former employees and 320 current hourly, non-exempt employees.  Declaration of Lisa Crist ("Crist Decl."), ¶ 3.  This exceeds the minimum class member threshold.

### B.  "Minimal Diversity" Is Present

17.     Under the CAFA, diversity need not be "complete," as is the case in non-CAFA cases where removal is based on diversity of the parties.  Rather, any class member (named or not) must be a citizen of a different state than any defendant.  28 USC § 1332(d)(2).

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA  937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    18.    At all material times, Plaintiff—the only named party—has been a citizen of

2  California within the meaning of 28 U.S.C. § 1332(a), as his place of residence and domicile are,

3  and were, located within California.  Crist Decl., ¶ 4; *Kanter v. Warner-Lambert Co.*, 265 F.3d

4  853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the

5  intention to remain or to which he intends to return."); *see also Johnson v. Mitchell*, No. 2:10-cv-

6  1968 GEB GGH PS, 23 2012 WL 3260458, at *2 (E.D. Cal. Aug. 8, 2012) ("a party's place of

7  residence is *prima facie* evidence of domicile").

8    19.    Likewise, by definition, the putative class includes individuals who, like Plaintiff,

9  are California citizens.  As long as any one of the approximately 530 putative class members is a

10  California citizen, minimal diversity is met.  According to company records, at least one putative

11  class member at Defendant's two California locations is a resident of California. Crist Decl., ¶ 5.

12    20.    If a party is a corporation, as is Defendant, it is a citizen of both its state of

13  incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(l).

14    21.    Defendant is now and was at the commencement of this action a citizen of the

15  states of Delaware and Illinois, within the meaning of 28 U.S.C. § 1332.  At all material times,

16  Defendant was a corporation organized under the laws of Delaware, and, at all material times,

17  Defendant has maintained its principal place of business, including its corporate headquarters, in

18  Illinois.  Crist Decl., ¶ 6–7.

19    22.    Plaintiff and Defendant are citizens of different states, just as Defendant's

20  citizenship is different from all or virtually all the putative class and subclass members.  Their

21  diverse citizenship qualifies this action for federal jurisdiction under the CAFA.

22    **C. The Matter in Controversy Exceeds the Sum or Value of $5,000,000**

23    23.    For the CAFA to apply, the total amount in controversy must exceed $5,000,000

24  in the aggregate.  28 USC § 1332(d)(2).  As set forth in this section, conservative estimates of

25  Plaintiff's claims are in excess of the statutory threshold.

26    24.    The putative class's average hourly rates across its California facilities range

27  between $19.63 and $28.22.  The average base rate of these employees is $24.92/hour.  Crist

28  Decl., ¶ 8.

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA 937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT

1

**1.  Meal Period Claim**

2       25.   Plaintiff alleges that Defendant failed to provide the Plaintiff Class "legally

3  compliant meal periods," and "without compensating Plaintiff and the Class for meal periods that

4  were not provided by the end of the fifth hour of work or tenth hour of work." (Exhibit 1,

5  Complaint, ¶ 16).  Furthermore, Plaintiff alleges that Defendant "asserted control over Plaintiff

6  and the Class by requiring, pressuring, or encouraging them to perform work tasks which could

7  not be completed without working in lieu of taking mandatory meal periods…" (*Id.*). Due to this

8  alleged requirement, "Defendants' policy and practice was not to provide meal periods to

9  Plaintiff and the Class in compliance with California law." (*Id.*).

10      26.   Current and former employees typically work (or worked) five days per

11  workweek.  From October 31, 2018 to the present, more than 215 workweeks have elapsed, and

12  the 530 combined current and former employees in the putative Plaintiff Class have worked over

13  68,800 workweeks total.  Crist Decl., ¶ 9.

14      27.   While Plaintiff does not allege the precise number of missed meal periods per

15  workweek, he claims the Plaintiff Class effectively was always on-duty because Defendant was

16  constantly requiring them to perform tasks that did not permit an off-duty meal period *See*

17  *Augustus v. ABM Security Services, Inc.*, 2 Cal.5th 257, 260 (2016) ("During required rest

18  periods, employers must relieve their employees of all duties and relinquish any control over

19  how employees spend their break time."); *Brinker Restaurant Corp. v. Sup.Ct.* (2012) 53 Cal.4th

20  1004, 1034–41 (holding that employers need not ensure that no work is performed during that

21  period, but must provide a work-free meal period for employees).

22      28.   While a fair reading of the Complaint suggests Plaintiff is claiming a non-

23  compliant meal period every workday, conservatively estimating two missed meal periods per

24  workweek instead, and reducing the total number of workweeks by 10% to account for things

25  like sick time, holidays, and vacation, there would be approximately 61,920 meal period

26  violations, and the penalty for a violation is one hour's pay at the regular rate.  At the average

27  rate of $24.92/hour, total meal period violations would be $3,086,092.  Crist Decl., ¶¶ 3, 8–9.

28  / / /

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA 937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT

### 2.  Rest Period Claim

29.    Similar to Plaintiff's meal period claim, Plaintiff also alleges "Defendants regularly required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted." (Exhibit 1, Complaint, ¶ 17).

30.    Like meal period violations, the penalty for a rest period violation is one hour of pay at the regular rate per each day a violation occurred.  Applying the same conservative estimates and parameters as above (i.e., two violations per workweek and a 10% reduction of workweeks), the value of total rest period violations at the average pay rate would also be $3,086,092. Crist Decl., ¶¶ 3, 8–9.

### 3.  Waiting Time Penalties

31.    For the relevant time period, there are 210 former employees. Pursuant to Labor Code § 203, if an employer willfully fails to pay all wages owing in conformance with applicable law at the time of termination, the employer is liable for a penalty of one day's wages up to a maximum of thirty days.  As of the filing of this Notice of Removal, more than 30 days have elapsed since all or nearly all of these employees' employment terminated.  Crist Decl., ¶ 10.

32.    In his Complaint, Plaintiff alleges that "Defendants willfully failed and refused to timely pay Plaintiff and the Class all final wages due at their termination of employment" as required. (Exhibit 1, Complaint, ¶ 18). This allegation is without limit as to the number of violations, and it would also be fair to read the Complaint as claiming violations occurred for each of the 210 former putative Class Members. When calculating the amount of waiting time penalties for the purposes of removal and/or remand, courts will use the statutory maximum, especially when, as is the case here, the plaintiff alleges no less. *See, e.g., Korn v. Polo Ralph Lauren Co.*, 536 F. Supp. 2d 1199, 1204–05; *Navarro v. Servisair, LLC,* No. C 08-02716, 2008 WL 3842984, at *9 (N.D. Cal. Aug. 14, 2008); *Moppin v. Los Robles Reg'l Med. Ctr.,* 2015 WL

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA  937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

5618872, at *3, *5 (C.D. Cal. 2015); *Tajonar v. Echosphere, L.L.C.,* 14CV2732-LAB RBB, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015).

33.     Nonetheless, for the purposes of this Notice of Removal, Defendant will estimate waiting time penalties are at issue for <u>one half</u> of the former putative Class Members.  Under this conservative estimate and at the statutory maximum, i.e., 30 days' pay, and average rate of $24.92/hour, waiting time penalties at issue are $627,984 (8 x 30 x 24.92 x 210 x .5).  Crist Decl., ¶¶ 8, 10.

### 4.   <u>Wage Statement Penalties</u>

34.     Labor Code § 226 requires employers to furnish their employees an accurate, itemized statement containing several enumerated items at the time of wages are paid. Violations of the statute result in a $50 penalty for the initial violation and a $100 penalty for each subsequent pay period, up to a $4,000 maximum.  Labor Code § 226(e)(1).

35.     Here also, Plaintiff alleges violations without limit, and in this case, given that just one meal period violation, one rest period violation, or one unpaid overtime violation in a two-week pay period would result in a violation of Labor Code § 226, it is reasonable to assume a violation would occur for each pay period for each employee. (Exhibit 1, Complaint, ¶ 19).

36.     For the putative Wage Statement Subclass, there were approximately 29 pay periods. Crist Decl., ¶¶ 8, 11. Assuming each wage statement was inaccurate, and multiplying by $50 and $100 for the first and subsequent pay periods respectively, the total potential penalties owed to the putative Wage Statement Subclass total $896,000.

### 5.   <u>Attorneys' Fees</u>

37.     Plaintiff seeks attorneys' fees in nearly all of his causes of action.  *See, e.g.,* Exhibit 1, Complaint, ¶¶ 40, 48, 64, 72, 77, 94.  In determining whether a complaint meets the requisite amount in controversy, courts consider the aggregate value of claims for damages <u>and</u> attorneys' fees.  *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155 (9th Cir. 1998). Moreover, many district courts within the Ninth Circuit have assessed estimated fees through trial when calculating the amount in controversy.  *See, e.g.*, *Ponce v. Med. Eyeglass Ctr.*, *Inc.*, No. 15-CV-04035, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015); *Cagle v. C&S Wholesale*

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA  937

1  *Grocers, Inc.*, No. 2:13–cv–02134–MCE–KJN, 2014 WL 651923, at \*10-11 (E.D. Cal. Feb. 19,

2  2014); *Simmons v, PCR Technology*, 209 F. Supp. 2d at 1034–35 (2002).

3       38.     The Ninth Circuit has established a benchmark of 25% of damages for an award

4  of attorneys' fees in class actions, as a reasonable basis to determine the amount of attorneys'

5  fees likely to be recovered.  *See Staton v. Boeing Co.,* 327 F.3d 938, 968 (9th Cir. 2003) ("This

6  circuit has established 25% of the common fund as a benchmark award for attorney fees."); *see*

7  *also Hanlon v. Chrysler Corp.,* 150 F .3d 1011, 1029 (9th Cir. 1998).  Some courts in the Ninth

8  Circuit place this number higher, at one-third of the settlement fund.  *See Beaver v. Tarsadia*

9  *Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at \*9 (S.D. Cal. Sept. 28, 2017).

10 Indeed, in two recent cases, Plaintiff's counsel has sought—and obtained—33.33% of the

11 common fund in approved class settlements.  *See Vasquez v. Kraft Heinz Foods Company*, No.

12 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at \*8, \*10 (S.D. Cal. Apr. 1, 2020); *Lopez v.*

13 *Management and Training Corporation*, No. 17cv1624 JM(RBM), 2020 WL 1911571 (S.D. Cal.

14 Apr. 20, 2020) at \*8–9.

15      39.     Thus, estimating attorneys' fees for the purposes of determining the amount in

16 controversy, 25% of the above damages estimates is more than reasonable.  As such, the Court

17 should count $1,924,042 toward the CAFA minimum (*i.e.*, 25% of the sum of $3,086,092 (meal

18 period violations), $3,086,092 (rest period violations), $627,984 (waiting time penalties), and

19 $896,000 (wage statement violations)).

20      **6.  Total Amount in Controversy**

21      40.     Adding the amounts above, the total amount in controversy is at least $9,620,210,

22 nearly double the jurisdictional minimum. [1]

23      41.     According to United States Supreme Court guidance, a defendant's notice of

24 removal need only include a "plausible allegation" that the amount in controversy exceeds the

25 jurisdictional threshold.  *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014).

26

---

[1] Should the Court or Plaintiff challenge the jurisdictional minimum, Defendant reserves the
27 right to calculate possible damages for the other causes of action not included in the instant
analysis, and provide additional evidence and argument in support of the calculations set forth in
28 this Notice of Removal.

Sutton Hagu
Law Corporat
5200 N. PALM AVE
SUITE 203
FRESNO, CA 937

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT

1  Evidence establishing the jurisdictional amount is only required when the plaintiff contests, or

2  the court questions, the defendant's allegation. (*Id.*). Thus, the foregoing paragraphs and

3  supporting evidence exceed what is required in this notice of removal.  Removal is appropriate

4  when it is more likely than not that the amount in controversy exceeds the jurisdictional

5  requirement. *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839–40 (9th Cir. 2002).  Although

6  Defendant disputes that Plaintiff can adequately represent the purported class and denies the

7  merits of the claims, with just four of Plaintiff's eight causes of action placing nearly $10 million

8  in controversy, Defendant clearly meets the minimum amount required by the CAFA.

9  **V.   REQUISITE NOTICE**

10        In compliance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of

11  this Notice of Removal attached, is being filed with the Clerk of the Superior Court of the State

12  of California, County of Tulare for Case No. VCU293982.  Defendant is serving a Notice of

13  Filing of Removal, with a copy of the Notice of Removal attached, on Plaintiff's counsel.  A

14  Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court

15  will also be filed with this Court.

16  **VI.   CONCLUSION**

17        For the reasons above, this Court has original jurisdiction over this matter, pursuant to the

18  CAFA.  As such, Defendant properly removes this action to this Court.

19

20  Date: December 19, 2022                    SUTTON HAGUE LAW CORPORATION, P.C.

21

22

23

24                                       BY: _____

                                            S. BRETT SUTTON

25                                          JARED HAGUE

                                            JONATHAN W. BLACK

26                                          Attorneys for Defendants

                                            SAPUTO DAIRY FOODS USA, LLC

27

28

DEFENDANT SAPUTO DAIRY FOODS USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Sutton Hagu
Law Corporat
5200 N. Palm Ave
Suite 203
Fresno, CA  937