JONES DAY
Koree B. Wooley, Bar No. 294489
kbwooley@jonesday.com
Cindi L. Ritchey, Bar No. 216899
critchey@jonesday.com
Jayce E. Gustafson, Bar No. 344961
jgustafson@jonesday.com
4655 Executive Drive
Suite 1500
San Diego, California  92121.3134
Telephone:    +1.858.314.1200
Facsimile:    +1.844.345.3178

Attorneys for Defendant
SAPUTO DAIRY FOODS USA, LLC

WILSHIRE LAW FIRM
Justin F. Marquez, Bar No. 262417
justin@wilshirelawfirm.com
Benjamin H. Haber, Bar No. 315664
benjamin@wilshirelawfirm.com
Daniel J. Kramer, Bar No. 314625
dkramer@wilshirelawfirm.com
3055 Wilshire Blvd., 12th Floor
Los Angeles, California  90010
Telephone:    +1.213.381.9988
Facsimile:    +1.213.381.9989

Attorneys for Plaintiff
PSALMS MARTINEZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSALMS MARTINEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAPUTO DAIRY FOODS USA, LLC, a Delaware limited liability corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:22-cv-01624-ADA-HBK<br><br>**ORDER APPROVING STIPULATED PROTECTIVE ORDER**<br><br>(Doc. No. 23) |

     IT IS HEREBY STIPULATED by and between the Parties to the above-captioned action, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. This action is likely to involve personal, commercial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential policies or procedures, employee compensation records, personal identifying information of current or former employees of Defendant, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality or discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-captioned proceeding, United States District Court for the Eastern District of California Case No. 1:22-cv-01624-ADA-HBK.

    b. "Court" means any judge of the Court defined above, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or California Law, including but not limited to proprietary policies and procedures, employee compensation records, personal identifying information of current and former employees, and other information as set forth above in Paragraph 1.

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" as that term is defined in Paragraph 2(c) above.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Electronically Stored Information" or "ESI" means any Information or Documents that are created, used, or stored in an electronic medium. ESI includes, but is not limited to, electronic mail, SMS text messages, Microsoft Word documents, Microsoft Excel Spreadsheets, database files, as well as any time records, payroll records, wage records, personnel records, scheduling records, and any other records or communications stored in an electronic medium.

i. "Information" means the content of Documents or Testimony.

j. "Native" or "Native Format" means the original format for which Documents or Information is usually used, kept and/or maintained by a Party including, but not limited to, any ESI. For example, if email communications are maintained in an ".msg" or ".pst" file format on a Microsoft Exchange Server in the ordinary course of business, then the .msg or .pst file format would represent the Native Format for email communications. Similarly, if written electronic documents on personal computer

    systems are maintained in a ".docx" format to be read by Microsoft Word, and ".xlsx" format to be read by Microsoft Excel, in the usual course of business, then these .docx and .xlsx formats represent the Native Format.  Native Format does not refer to ESI which has been modified, altered, or printed and/or scanned into another electronic format.

    k. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

3. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges or objections, or any Party's right to contest any such assertion.

5. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.  The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.  If the legend cannot be affixed, such as with respect to Native ESI, then the Confidential designation must be clearly indicated by including "Confidential" within the file name of the Native ESI produced, or on a separate document created and concurrently produced by the Designating Party, which specifically describes the Native ESI that the Designating Party intends to designate as Confidential.

    b. For Testimony given in depositions the Designating Party may either:

      i. Identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

      ii. Designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

  c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). The Parties shall first attempt to resolve such challenges in good faith on an informal basis. Counsel for the Designating Party shall have forty-five (45) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation

Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product

privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

8. The production of privileged or work-product protected Documents, Testimony or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

9. **No Waiver by Disclosure**. This order (as a part of this overall Protective Order) is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this order, if the producing Party discloses information in connection with this case that the producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection (i.e,, "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

   a. **Notification Requirements; Best Efforts of Receiving Party**. A producing Party must promptly notify the Receiving Party receiving the Privileged Information, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with Paragraph 9(b) in which case it will follow the procedures outlined below—promptly (i) notify the producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has, (ii) provide a certification that it has ceased further review, dissemination, and use of the Privileged Information, and (iii) provide a certification that the Privileged Information has been

destroyed or returned. Within five (5) business days of receipt of the notification from the Receiving Party, the producing Party must produce a privilege log setting forth the basis for the claim of privilege. For purposes of this order, Privileged Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Privileged Information. If a Receiving Party contests the claim of privilege being made pursuant to Paragraph 9(b) below, the Receiving Party must promptly (i) notify the producing Party of its claim in writing, (ii) take immediate steps to cease further review, dissemination or use of the Privileged Information, and (iii) confirm in writing that it has complied with Paragraph 9(a)(ii) and further certify the destruction or return of Privileged Information.

b. **Contesting Claim of Privilege or Work Product Protection**. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five (5) business days of receipt of the Producing Party's privilege log— move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

c. The parties may stipulate to extend the time periods set forth in the preceding paragraphs.

d. **Attorney's Ethical Responsibilities**. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing Party that such materials have been produced.

e. If a Party receiving Information has reason to believe that Disclosed Information may reasonably be subject to a claim of privilege, then the Party receiving such Information shall immediately sequester the Information, cease using the Information and cease using any work product containing the Information, and shall inform the Party that Disclosed such Information of the beginning BATES number of the Document or, if no BATES number is available, shall otherwise inform the Party that made the Disclosure of such Information.

f. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Privileged Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve and/or certify destruction of all unauthorized copies of the Privileged Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Certification re Confidential Discovery Materials" that is attached hereto as Exhibit A.

10. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

  a. The Court.

  b. Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party.

  c. In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  d. Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the

prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**;

e. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

f. Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

g. Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

h. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**; and

i. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall

       explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

    j.  Any individuals whom the Parties have previously agreed in writing may review Confidential Materials for the purposes of collecting or verifying discoverable information related to the Confidential Materials.

11. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and shall not be used for any business, commercial, competitive, or any other purpose whatsoever.

12. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

13. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i. To seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii. To seek relief from the Court on appropriate notice to all other Parties to the

  Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

14. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

15. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

16. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena

prior to the date specified for production on the Subpoena, unless the Designating Party authorizes the production.

17. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection upon either Party's request.

18. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

19. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

20. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal must comply with the requirements of L.R. 141 and/or the Federal Rules of Civil Procedure and/or Judge's Local Rules/Standing Orders, as applicable.  If a party intends to file a document designated confidential by another party, the party intending to make such filing must provide ten business days'

notice of its intent so that the designating party may assist with preparation of the Request to Seal Documents.

21. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

22. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

23. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

24. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition); (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials; or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall

STIPULATION AND PROTECTIVE ORDER
1:22-cv-01624-ADA-HBK

retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

25. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

26. The Parties and all signatories to the Certification attached hereto as **Exhibit A** agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: August 24, 2023                    JONES DAY

                                          By: /s/ *Koree B. Wooley*
                                          Koree B. Wooley
                                          Cindi L. Ritchey
                                          Jayce E. Gustafson

                                          Attorneys for Defendant SAPUTO DAIRY
                                          FOODS USA, LLC


Dated: August 24, 2023                    WILSHIRE LAW FIRM

                                          By: /s/ *Daniel J. Kramer* (as authorized on Aug. 24, 2023)
                                          Justin F. Marquez
                                          Benjamin H. Haber
                                          Daniel J. Kramer

                                          Attorneys for Plaintiff PSALMS MARTINEZ

**ORDER**

Having considered the Joint Stipulation between all Parties, and good cause appearing,

**IT IS SO ORDERED.**

Dated: August 24, 2023

HON. HELENA M. BARCH-KUCHTA
United States Magistrate Judge

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I here acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, United States District Court for the Eastern District of California Case No. 1:22-cv-01624-ADA-HBK. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this ___ day of _____, 20___, at _____.