JONES DAY
Koree B. Wooley, Bar No. 294489
kbwooley@jonesday.com
Cindi L. Ritchey, Bar No. 216899
critchey@jonesday.com
Jayce E. Gustafson, Bar No. 344961
jgustafson@jonesday.com
4655 Executive Drive
Suite 1500
San Diego, California  92121.3134
Telephone:      +1.858.314.1200
Facsimile:      +1.844.345.3178

Attorneys for Defendant
SAPUTO DAIRY FOODS USA, LLC

WILSHIRE LAW FIRM
Benjamin H. Haber, Bar No. 315664
benjamin.haber@wilshirelawfirm.com
Daniel J. Kramer, Bar No. 314625
daniel.kramer@wilshirelawfirm.com
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: +1.213.381.9988
Facsimile: +1.213.381.9989

Attorneys for Plaintiff
PSALMS MARTINEZ

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PSALMS MARTINEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAPUTO DAIRY FOODS USA, LLC, a Delaware limited liability corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:22-cv-01624-DJC-JDP<br><br>**JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION, INCLUDING PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND PRE-CERTIFICATION CLASS CLAIMS WITHOUT PREJUDICE; ORDER**<br><br>Complaint Filed: October 31, 2022 |

Plaintiff Psalms Martinez ("Martinez" or "Plaintiff") and Defendant Saputo Dairy Foods

1  USA, LLC ("Saputo" or "Defendant") (collectively, the "Parties"), by and through their
2  respective attorneys of record, hereby stipulate to voluntarily dismiss Plaintiff's entire case,
3  including her individual claims with prejudice and the pre-certification class claims without
4  prejudice and without notice by the Court, pursuant to Rule 41(a)(1)(A)(ii) and Rule 23(e) of the
5  Federal Rules of Civil Procedure.

**BACKGROUND**

1.   Plaintiff initially filed this putative class action on October 31, 2022, in Tulare County Superior Court, which Defendant subsequently removed to this Court on December 19, 2022, where it remains pending. In this Action, Plaintiff asserts class claims for alleged (1) failure to pay minimum and straight time wages, (2) failure to pay overtime wages, (3) failure to provide meal periods, (4) failure to authorize and permit rest periods, (5) failure to timely pay final wages at termination, (6) failure to provide accurate itemized wage statements, (8) failure to indemnify employees for expenditures, and (9) unfair business practices.

2.   In addition to the lawsuit filed by Plaintiff, there are four other substantially overlapping class action and representative PAGA action lawsuits involving the same claims on behalf of the same group of current and former employees of Defendant: (1) *Psalms Martinez v. Saputo Dairy Foods USA, LLC*, Tulare County Superior Court Case No. VCU294960 ("*Martinez* PAGA Action"); *Romero v. Saputo Dairy Foods USA, LLC*, Case No. 1:23-cv-00427-DJC-JDP ("*Romero* Class Action"); *Romero v. Saputo Dairy Foods USA, LLC*, Case No. VCU298775 ("*Romero* PAGA Action"); and *Nataly Lopez Vargas v. Saputo Dairy Foods USA, LLC*, U.S.D.C. E.D. Cal. Case No. 1:22-cv-1645- DJC-JDP ("*Vargas* Class/PAGA Action")

3.   On September 19, 2023, the Parties to this Action, the *Martinez* PAGA Action, *Romero* Class Action, *Romero* PAGA Action, and *Vargas* Class/PAGA Action attended a full day private mediation with mediator David Rotman. The Parties reached a global settlement of the five actions, and entered into a settlement agreement that was fully executed as of March 14, 2024 ("Settlement Agreement").

///

1  4. As part of the class action and PAGA representative action settlement, the Tulare Superior Court granted leave to file an amended complaint in the *Martinez* PAGA Action adding Romero and Vargas as class and PAGA representatives, and incorporating the class and PAGA claims and allegations on behalf of the putative class and aggrieved employees in the five actions into one complaint. All of the claims asserted in this Action were therefore subsumed within the *Martinez* PAGA Action.

5. The Parties sought preliminary and final approval of the global settlement that includes all of the same claims asserted in this action ("Global Settlement"), through the related *Martinez* PAGA Action. On March 24, 2025, the *Martinez* Court granted final approval of the Settlement Agreement and entered a Judgment and Order Granting Plaintiffs' Motion for Final Approval of Class Action and PAGA Settlement ("Judgment") that disposes of all of the claims asserted in this Action, the *Romero* PAGA Action, the *Martinez* Class Action, *Martinez* PAGA Action, and the *Vargas* Class/PAGA Action. Attached as Exhibit 1 is a true and correct copy of the Court Judgment.

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

Subject to Court approval, the Parties stipulate that the voluntary dismissal of the entire action, including pre-certification dismissal of class claims without notice by the Court to putative class members, is appropriate because all of the claims asserted in this Action are barred by the doctrines of res judicata and release, based on the final approval granted by the Tulare County Superior Court of the Global Settlement and the Judgment entered in the *Martinez* PAGA Action. As part of the approval process for the Settlement Agreement, putative class members in the *Martinez* PAGA Action received notice of the Settlement Agreement consistent with the requirements of due process and had the opportunity to object or opt out of the settlement of the *Martinez* PAGA Action. In addition, neither Plaintiff nor his attorneys have made any concessions with respect to the interests of the putative class in order to further their own interests, and the Parties are unaware of any media attention given to this Action. In this Action, the Parties seek a

3

JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION
1:22-cv-01624- DJC-JDP

dismissal with prejudice only as to Plaintiff's individual claims, and seek a dismissal without prejudice of Plaintiff's class claims, so no notice to putative class members is required in this Action. *See, e.g., Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 U.S. Dist. LEXIS 237338 at *9 (C.D. Cal. Nov. 16, 2017) (class notice not required where potential class members not prejudiced by dismissal of the action).

The Parties hereby stipulate and request that the Court approve this Stipulation of Dismissal, dismissing Plaintiff's individual claims with prejudice and the putative class claims without prejudice. In accordance with Rule 23(e), the dismissal of the uncertified class may be approved without notice by the Court to members of the proposed class because the dismissal would not prejudice any putative class members.

**IT IS SO STIPULATED.**

Dated: March 31, 2025        JONES DAY

By: */s/ Koree B. Wooley*
Koree B. Wooley

Attorneys for Defendant SAPUTO DAIRY FOODS USA, LLC

Dated: March 31, 2025        WILSHIRE LAW FIRM

By: */s/ Daniel J. Kramer*
Benjamin H. Haber
Daniel J. Kramer

Attorneys for Plaintiff PSALMS MARTINEZ

**ORDER**

Having considered the Joint Stipulation between all Parties, and good cause appearing,

**IT IS ORDERED** as follows:

1. All of Plaintiff's individual claims are dismissed with prejudice. The putative class claims, which have not been certified, are dismissed without prejudice;
2. The dismissal of the uncertified class claims is approved without notice by the Court to members of the proposed class; and
3. This Action is hereby dismissed in its entirety.

Dated: April 4, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION
1:22-cv-01624- DJC-JDP